United States District Court
Central District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | Docket No.  SA CR18-00223 JAK |
| **Defendant**  Juan Baltazar-Aguirre | Social Security No.  N  O  N  E |
| Alias(es): Garcia, Juan; Garcia Garcia, Carlos; Aguirre-Sosa, Peter; Garcia, Carlos; Garcia-Garcia, Carlos; Diaz, Mauro; Baltazar, Juan Jose | (Last 4 digits) |
| Alternate IDs: Alias DOB: 01/01/1920, 10/04/1986, 12/04/1980, 12/04/1978 | |
| akas: Alias Driver's License Number: CA B9975437 | |

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 02 | 28 | 2019 |

**COUNSEL**   Jason Hannan, Deputy Federal Public Defender
(Name of Counsel)

**PLEA**   [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.   [ ] **NOLO CONTENDERE**   [ ] **NOT GUILTY**

**FINDING**   There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:

Illegal Alien Found in the United States Following Deportation pursuant to 8 U.S.C. § 1326(a) as charged in Count 1 of the Information.

**JUDGMENT AND PROB/ COMM ORDER**   The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that:

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Juan Baltazar-Aguirre, is hereby committed on the single-count Information to the custody of the Bureau of Prisons to be imprisoned for a term of **THIRTY (30) MONTHS**.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three (3) years under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and General Order 18-10, including the conditions of probation and supervised release set forth in Section III of General Order 18-10;

2. The defendant shall refrain from any unlawful use of a controlled substance. As directed by the Probation Officer, the defendant shall submit to one drug test within 15 days of release from imprisonment. Thereafter, the defendant shall also submit to periodic drug testing as directed by the Probation Officer, not to exceed eight tests per month;

3. The defendant shall comply with the immigration rules and regulations of the United States, and when deported from this country, either voluntarily or involuntarily, not reenter the United States illegally. The defendant is not required to report to the Probation Office while residing outside of the United States; however, within 72 hours of release from any custody or any reentry to the United States during the period of Court-ordered supervision, the defendant shall report for instructions to the U.S. Probation Office;

4. The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name, without the prior written approval of the Probation Officer nor shall the defendant use, for any purpose or in any manner, any name other than his true legal name; and

5. The defendant shall cooperate in the collection of a DNA sample from the defendant.

It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately. Any unpaid balance shall be due during the period of imprisonment at the rate of not less than $25 per quarter and pursuant to the Bureau of Prisons Inmate Financial Responsibility Program.

| USA vs. | Juan Baltazar-Agurre | Docket No.: | SA CR18-00223 JAK |
|---|---|---|---|

Pursuant to Section 5E1.2(e) of the Guidelines, all fines are waived, as it is found that the defendant does not have the ability to pay a fine.

The defendant is advised of his right to appeal.

The Court recommends to the Bureau of Prisons that: (i) the defendant be housed at a facility located in Southern California; and (ii) it review the attached Exhibit A in determining whether the defendant is eligible for credit for time served starting on September 18, 2018, which was the date defendant was allegedly taken into ICE custody pending potential prosecution from the U.S. Government. If the Bureau of Prisons confirms that defendant was in ICE custody, the Court requests that it take the time served starting on September 18, 2018 into consideration when calculating any appropriate credit against the 30-month sentence.

**IT IS SO ORDERED.**

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| February 28, 2019 | | |
|---|---|---|
| Date | | John A. Kronstadt, United States District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| February 28, 2019 | By | |
|---|---|---|
| Filed Date | | Andrea Keifer, Deputy Clerk |

The defendant must comply with the standard conditions that have been adopted by this court (set forth below).

**STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE**

While the defendant is on probation or supervised release pursuant to this judgment:

| USA vs. Juan Baltazar-Agurre | Docket No.: SA CR18-00223 JAK |
|---|---|

1. The defendant must not commit another federal, state, or local crime;
2. The defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;
3. The defendant must report to the probation office as instructed by the court or probation officer;
4. The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;
5. The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;
6. The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;
7. The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;
8. The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;
9. The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation;
10. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;
13. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;
14. As directed by the probation officer, the defendant must notify specific persons and organizations of specific risks posed by the defendant to those persons and organizations and must permit the probation officer to confirm the defendant's compliance with such requirement and to make such notifications;
15. The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

☐   The defendant must also comply with the following special conditions (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1). Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant must pay the balance as directed by the United States Attorney's Office. 18 U.S.C. § 3613.

The defendant must notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence address until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. § 3612(b)(I)(F).

The defendant must notify the Court (through the Probation Office) and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. § 3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution under 18 U.S.C. § 3664(k). See also 18 U.S.C. § 3572(d)(3) and for probation 18 U.S.C. § 3563(a)(7).

Payments will be applied in the following order:

1. Special assessments under 18 U.S.C. § 3013;
2. Restitution, in this sequence (under 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid):
    Non-federal victims (individual and corporate),
    Providers of compensation to non-federal victims,
    The United States as victim;
3. Fine;
4. Community restitution, under 18 U.S.C. § 3663(c); and
5. Other penalties and costs.

**CONDITIONS OF PROBATION AND SUPERVISED RELEASE PERTAINING TO FINANCIAL SANCTIONS**

As directed by the Probation Officer, the defendant must provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant must not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant must maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds must be deposited into this account, which must be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, must be disclosed to the Probation Officer upon request.

The defendant must not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

| USA vs. | Juan Baltazar-Agurre | Docket No.: | SA CR18-00223 JAK |

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____
Deputy Marshal

_____
Date

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____
Deputy Clerk

_____
Filed Date

---

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____         _____
Defendant                         Date

_____                   _____
U. S. Probation Officer/Designated Witness    Date

# EXHIBIT A

| U.S. Department of Homeland Security | Subject ID : 362099674 | | Record of Deportable/Inadmissible Alien | | | |
|---|---|---|---|---|---|---|
| Family Name (CAPS) <br> GARCIA-GARCIA, CARLOS | First | Middle | Sex <br> M | Hair <br> BLK | Eyes <br> BRO | Cmplxn <br> LBR |
| Country of Citizenship <br> MEXICO | Passport Number and Country of Issue | File Number <br> WSM1808000885 <br> 077 335 821 | Height <br> 70 | Weight <br> 220 | Occupation | |
| U.S. Address | | | Scars and Marks <br> None Indicated - NONE | | | |
| Date, Place, Time, and Manner of Last Entry <br> / /2018, SYS, WI - Without Inspection | | Passenger Boarded at | F.B.I. Number <br> 634930PB4 | ☒ Single <br> ☐ Divorced ☐ Married <br> ☐ Widower ☐ Separated | | |
| Number, Street, City, Province (State) and Country of Permanent Residence | | | Method of Location/Apprehension <br> CLC NA | | | |
| Date of Birth <br>        Age: 39 | Date of Action <br> 09/18/2018 | Location Code <br> WSM/LOS | At/Near | Date/Hour <br> 09/18/2018 08:42 | | |
| City, Province (State) and Country of Birth <br> MEXICO | AR ☒  Form : (Type and No.) Lifted ☐ Not Lifted ☐ | | By <br> I 8698 NAVARRO | | | |
| NIV Issuing Post and NIV Number | Social Security Account Name | | Status at Entry | Status When Found | | |
| Date Visa Issued | Social Security Number | | Length of Time Illegally in U.S. | | | |
| Immigration Record <br> POSITIVE - See Narrative | | Criminal Record <br> See Narrative | | | | |
| Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate) | | | Number and Nationality of Minor Children <br> None | | | |
| Father's Name, Nationality, and Address, if Known <br> BALTAZAR, DOMITILO  NATIONALITY: MEXICO | | Mother's Present and Maiden Names, Nationality, and Address, if Known <br> AGUIRRE, ALTAGRACIA NATIONALITY: MEXICO | | | | |
| Monies Due/Property in U.S. Not in Immediate Possession <br> None Claimed | | Fingerprinted? ☒ Yes ☐ No | Systems Checks <br> See Narrative | Charge Code Word(s) <br> See Narrative | | |
| Name and Address of (Last)(Current) U.S. Employer | | Type of Employment | Salary <br> Hr | Employed from/to | | |

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

FIN: 13684838          Left Index fingerprint          Right Index fingerprint





OTHER ALIASES KNOWN BY:
--------------------------------------
BALTAZAR-AGUIRRE, JUAN

Subject Health Status
---------------------
The subject claims good health.

...(CONTINUED ON I-831)

9-18-18  UG        I 8698 NAVARRO
                   DO
Alien has been advised of communication privileges  (Date/Initials)    (Signature and Title of Immigration Officer)

| Distribution: <br> none | Received: (Subject and Documents) (Report of Interview) |
|---|---|
| | Officer: I 8698 NAVARRO |
| | on: September 18, 2018              (time) |
| | Disposition: REINSTATEMENT OF DEPORT ORDER I-871 |
| | Examining Officer: ROCHA, P 3457 |

Form I-213 (Rev. 08/01/07)

| U.S. Department of Homeland Security | | Continuation Page for Form I-213 |
|---|---|---|
| Alien's Name<br>GARCIA-GARCIA, CARLOS | File Number<br>077 335 821<br>Event No: WSM1808000885 | Date<br>09/18/2018 |

Current Administrative Charges
--------------------------------
09/18/2018 - 212a6Ai - ALIEN PRESENT WITHOUT ADMISSION OR PAROLE - (PWAs)

Previous Criminal History
--------------------------------
On 08/06/2018, the subject was arrested for the crime of "Drug Possession" which resulted in a conviction on 08/08/2018. The subject was sentenced to 90 day(s).

On 08/06/2018, the subject was arrested for the crime of "Marijuana - Sell" which resulted in a conviction on 08/08/2018. The subject was sentenced to 90 day(s).

On 10/07/2015, the subject was arrested for the crime of "Drug Possession" which resulted in a conviction on 10/07/2015. The subject was sentenced to 3 year(s).

On 10/07/2015, the subject was arrested for the crime of "Drugs - Health or Safety" which resulted in a conviction on 10/07/2015. The subject was sentenced to 2 year(s).

On 10/07/2015, the subject was arrested for the crime of "Drug Trafficking" which resulted in a conviction on 10/07/2015. The subject was sentenced to 4 year(s).

On 01/27/2009, the subject was arrested for the crime of "Driving Under Influence Drugs" which resulted in a conviction on 01/27/2009. The subject was sentenced to 180 day(s).

On 01/27/2009, the subject was arrested for the crime of "Traffic Offense" which resulted in a conviction on 01/27/2009. The subject was sentenced to N/A.

On 01/11/1999, the subject was arrested for the crime of "Driving Under Influence Drugs" which resulted in a conviction on 01/11/1999. The subject was sentenced to 10 day(s).

Records Checked
----------------
IAFIS Pos
EARM Pos
CLAIM Neg
CIS Pos

Record of Deportable/Excludable Alien:
On August 6, 2018, the Pacific Enforcement Response Center (PERC), Laguna Niguel, CA received a biographical Immigration Alien Response (IAR) from the Law Enforcement Support Center (LESC) for BALTAZAR-Aguirre, Juan. Subject was encountered by the Anaheim Police Department. Subject's fingerprints were electronically submitted to CA DOJ, NCIC/IAFIS and DHS/ICE databases. Upon review of database information it was determined that subject is amenable to DHS/ICE enforcement action. Based on this information an ICE Immigration Detainer was lodged.

****Addendum - ICE/ERO/Los Angeles, CAP, September 18, 2018****

ENCOUNTER:

| Signature<br>I 8698 NAVARRO | Title<br>DO |
|---|---|

2 of 4 Pages

Form I-831 Continuation Page (Rev. 08/01/07)              29

| U.S. Department of Homeland Security | | Continuation Page for Form I-213 |
|---|---|---|
| Alien's Name<br>GARCIA-GARCIA, CARLOS | File Number<br>077 335 821<br>Event No: WSM1808000885 | Date<br>09/18/2018 |

On September 18, 2018, subject was released to ICE custody in Los Angeles, California from the Orange County Sheriff's Department. Subject was re-interviewed in the Spanish language by Deportation Officer (DO) I. Navarro of the ICE Criminal Alien Program (CAP). I am proficient in the Spanish language.

ENTRY DATA:

Subject stated he re-entered the United States at San Diego, California without Inspection unknown date in 2018. This location was not designated as a Port of Entry by the Attorney General or the Secretary of the Department of Homeland Security.

Subject did not apply to the Attorney General or the Secretary of the Department of Homeland Security for permission to re-enter the United States after having been removed.

IMMIGRATION HISTORY:

Upon interview, subject stated he is a citizen and national of Mexico by his birth in Mexico on December 14, 1978. Subject stated both of his parents are citizens and nationals of Mexico and he made no claim to United States citizenship or lawful permanent residence.

Records indicate subject was voluntary return to Mexico two times.

On April 27, 2009 ICE ERO in Santa Ana, California Admin removed the subject to Mexico. The Certificate of Service on the Administrative Removal Order was not executed.

On February 16, 2016, ICE ERO in Santa Ana, California issue the subject a Notice to Appear under section 212(a)(6)(A)(i) of the Immigration and Nationality Act.

On March 17, 2016 an Immigration Judge (IJ) at Los Angeles, California ordered the subject removed to Mexico.

On March 18, 2016 subject was removed from the United States to Mexico through San Ysidro following that order.

On August 06, 2018 subject was encountered by the Anaheim Police Department.

On August 06, 2018, the Pacific Enforcement Response Center (PERC), Laguna Niguel, CA received a biographical Immigration Alien Response (IAR) from the Law Enforcement Support Center (LESC) for GARCIA-GARCIA, Carlos AKA BALTAZAR-Aguirre, Juan. Based on this information an ICE Immigration Detainer was lodged.

Subject stated he has no documentation in his name allowing him to legally enter the United States.

Subject claims he has no applications pending with United States Citizenship & Immigration Services (CIS), nor has he obtained any type of relief benefit(s) on his behalf that would allow him to enter legally, reside or remain in the United States.

CRIMINAL HISTORY:

See Above.

Records checks for outstanding wants, warrants and lookouts were negative.

| Signature<br>I 8698 NAVARRO | Title<br>DO |
|---|---|

3 of 4 Pages

| U.S. Department of Homeland Security | | Continuation Page for Form I-213 |
|---|---|---|
| Alien's Name<br>GARCIA-GARCIA, CARLOS | File Number<br>077 335 821<br>Event No: WSM1808000885 | Date<br>09/18/2018 |

DISPOSITION:

Subject was advised of his right to speak to a consulate officer from Mexico.

Subject states he is not afraid of persecution or torture if removed to his country of Mexico.

Subject will be processed for Reinstatement of Prior Order.

Case was referred to VCAS (prosecution unit) pending review by the AUSA.

Subject will be held in ICE custody pending removal from the United States.


Assessing Ability to Pay Bond:

Do you own any property? No.

Are you employed, and if so, what is your salary? No.

Do you have a bank account, and if so, what is the balance? No.

Does your spouse work? If yes, what is his salary? No.

Will your family members assist you with posting a bond? Yes.

How much was your bond in your criminal case? Did you post that bond? No.


Other Identifying Numbers
----------------------------------------
ALIEN-077335821
State Criminal Number/State Bureau Number-CA22343558 (CALIFORNIA UNITED STATES)
Other Biometric-13684838

| Signature | Title |
|---|---|
| I 8698 NAVARRO | DO |

4 of 4 Pages

Form I-831 Continuation Page (Rev. 08/01/07)       31